**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| CHARLES A. ROGERS, | CASE NO. 1:09-cv-01027-AWI-GBC PC |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. PONCE, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Charles A. Rogers ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed in Kings County Superior Court on March 6, 2009. On June 11, 2009, Defendants removed the action to federal court.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v.

Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Complaint Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Treatment Facility, Corcoran. Plaintiff alleges that Defendant Vargas, library technician, refused to provide him with copies of case citations so he can do adequate legal research to file a civil action. (Doc. 1-1, Comp., p. 8, ¶ 1.) Additionally, Defendants Vargas and Polk have a practice of discriminating against economically challenged inmates by not providing appropriate numbers of copies of documents to file in court. (Id., p. 9, ¶¶ 14, 15.) Plaintiff submitted a grievance which was denied by Defendants Vargas and Ponce. (Id., p. 8, ¶¶ 3, 5.) Plaintiff's grievance complained that Defendant Vargas keeps inadequate hours in the law library. (Id., p. 8, ¶¶ 7, 10.) On April 2, 2008, Plaintiff wanted to do research in the law library and Defendant Vargas did not open the library because she had been redirected to another facility due to a staff shortage. (Id., p. 8-9, ¶¶ 10, 11.)

Plaintiff brings this action against Defendants Vargas, Ponce, and Polk alleging violations of his right to access the courts, economic discrimination, retaliation for filing a previous grievance against the law library program, breach of mandatory duty, and equal protection. He is seeking punitive and exemplary damages for emotional distress and believes he will suffer future damages

if Defendants conduct is allowed to continue.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to apply to his claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**III.     Discussion**

    **A.     Access to the Courts**

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Hebbe v. Pliler, 611 F.3d 1202, 1206 (9th Cir. 2010). The right is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354. To bring a claim, the plaintiff must have suffered an actual injury by being shut out of court. Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351.

Initially, the Court advises Plaintiff that an allegation that he may suffer future harm if Defendants conduct is allowed to continue is speculative and does not give Plaintiff standing to bring a federal claim. Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010). Plaintiff has failed to state a cognizable claim as there is no indication that he suffered any injury due to having limited access to the law library or the number of copies he could receive.

    **B.     Equal Protection**

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

The conclusory allegations of unequal treatment and discrimination based on economic discrimination are insufficient to state a cognizable claim. Plaintiff fails to allege any facts supporting a claim that he was intentionally discriminated against or treated differently than other similarly situated inmates.

### C.  Retaliation

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).

Plaintiff's allegation that he was limited in his access to the law library and the number of copies that he could receive is insufficient to state a cognizable claim.

### D.  California Tort Claims Act

Plaintiff also alleges a claim for breach of mandatory duty under California law. The Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120. If Plaintiff chooses to amend his complaint he will need to allege facts sufficient to show he has complied with the requirements of the California Tort Claim Act.

California Government Code Section 815.6 creates a private right of action against a public entity for failing to perform a mandatory duty. Department of Corporations v. Superior Court, 153 Cal. App. 4th 916, 922 (2007). California courts use a three pronged test to determine if liability for a mandatory duty may be imposed upon the public entity: 1) an enactment must impose a mandatory duty; 2) the enactment must intend to protect against the kind of risk of injury suffered by the plaintiff; and 3) breach of the mandatory duty must be a proximate cause of the injury suffered. Id. at 926; County of Los Angeles v. Superior Court, 125 Cal. Rptr. 2d 637, 638-39 (2002). Therefore, in order to state a claim for breach of mandatory duty, Plaintiff must state the statutory duty that exists. County of Los Angeles, 125 Cal. Rptr. at 638. Plaintiff has failed to allege a statutory duty that exists and therefore has failed to state a cognizable claim.

**E.    Damages**

Finally, the Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

**IV.    Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

5

caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed June 11, 2009, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 20, 2010

UNITED STATES MAGISTRATE JUDGE