UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, | CASE NO. 1:09-cv-01027-AWI-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S. PONCE, et al., | (Doc. 8) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.    Screening Requirement**

Plaintiff Charles A. Rogers ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 20, 2010, the Court issued an order dismissing the complaint, with leave to amend, for failure to state a claim. (Doc. 7.)  Currently pending before the Court is the first amended complaint, filed December 30, 2010. (Doc. 8.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Discussion**

    **A.    Allegations**

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Facility in Corcoran. Plaintiff brings this action against Defendants B. Vargas, S. Ponce, L. Polk, and Does 1-10, in their official and individual capacities, alleging economic discrimination, retaliation, breach of mandatory duty, and violations of the First and Fourteenth Amendments.

Plaintiff submitted a request for copies of case law to Defendant Vargas, which was denied because he did not have funds available in his account to cover the cost. When Plaintiff complained to Defendant Vargas, she told him to write a 602 like the last one. Additionally, Defendant Vargas has a "habit of opening the library 30 to 45 minutes late and closing the library 30 to 45 minutes early, thereby making adequate research burdensome." (Doc. 8, p. 3.) Plaintiff filed a grievance which was denied by Defendants Ponce and Polk. Defendant Ponce told Plaintiff that if he gave him free copies then all indigent inmates would have to be given free copies no matter how many defendants an inmate wanted to serve.

For the reasons set forth below Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given one final opportunity to file a second amended complaint curing the deficiencies described by the Court in this order. Plaintiff is referred to the order issued December 20, 2010, for the legal standards that apply to his claims.

### B.   First Amendment

Plaintiff's allegations fail to show adverse action was taken against Plaintiff due to his filing a grievance. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). That Plaintiff was refused photocopies due to lack of available funds does not state a plausible claim that it was in retaliation for Plaintiff filing a grievance. Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969. Nor does Defendant Vargas' statement to Plaintiff to go ahead and file a 602 indicate the action was retaliatory. The complaint fails to state a cognizable claim for retaliation in violation of the First Amendment.

### C.   Eighth Amendment

Plaintiff's claims that he was not given the photocopies he requested and the law library hours are burdensome are insufficient to show he was deprived of something "sufficiently serious" to state a cognizable claim for a violation of the Eighth Amendment. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). Allegations of a refusal to provide photocopies and limited access to the library appropriately fall within access to the court claims.

### D.   Equal Protection

Indigent inmates are not a suspect class for equal protection purposes, Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999); see City of Cleburne, 473 U.S. at 440 (listing suspect classes), and Plaintiff is not being treated differently than similarly situated inmates, as all inmates are required to pay for their photocopies. Although the Constitution does confer a right to meaningful access to the court, Plaintiff is not entitled to state subsidized access to the court. Rodriguez, 169 F.3d at 1180. Failing to provide free photocopies does not prevent an inmate from accessing the court, it merely means the inmate must save the money to pay the expenses associated with his claim. If Plaintiff is "unwilling to save [his] money to [pay his related expenses], such a decision may be a good indicator of the merits of the case." Id.

### E. Access to the Court

Plaintiff's complaint that the hours the library is open makes it burdensome to do research fails to state a cognizable claim. The prison is required to provide indigent inmates with "access to a reasonably adequate law library." Bounds v. Smith, 430 U.S. 817, 829 (1977) overruled in part by Lewis v. Casey, 518 U.S. 343 (1996). Although Plaintiff claims that he needed photocopies to submit to the Kings County Sheriff's Department and copies of cases, he fails to show any actual injury by the denial of his requests. Plaintiff's allegations of future injuries are speculative and do not state a cognizable access to the courts claim.

### F. State Regulations

"To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). Plaintiff's allegations that Defendants failed to comply with state law or prison regulations does not state a cognizable claim for a violation of his federal rights.

## III. Conclusion and Order

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed December 30, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order and the order issued on December 20, 2010, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 7, 2011

UNITED STATES MAGISTRATE JUDGE

5