# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS,<br><br>                    Plaintiff,<br><br>       v.<br><br>S. PONCE, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-01027-AWI-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE FEDERAL CLAIMS BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND THE ACTION BE REMANDED TO STATE COURT FOR CONSIDERATION OF ANY REMAINING STATE LAW CLAIMS<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff Charles A. Rogers ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Defendants removed this action from Kings County Superior Court on June 11, 2009. Currently pending before the Court is the second amended complaint, filed February 10, 2011. (Sec. Am. Compl., ECF No. 12.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     **Complaint Allegations**

The allegations in the second amended complaint are substantially identical to those contained in the first amended complaint. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at the California Substance Abuse Facility in Corcoran. Plaintiff brings this action against Defendants B. Vargas, S. Ponce, L. Polk, and Does 1-10, in their official and individual capacities, alleging economic discrimination and breach of mandatory duty. Plaintiff is seeking injunctive relief, compensatory damages and costs.

Plaintiff submitted a request for copies of case law to Defendant Vargas, which was denied because he did not have funds available in his inmate account to cover the cost. (Sec. Am. Compl., ¶ 10, ECF. No. 12.) Additionally, Defendant Vargas has a "habit of opening the library 30 to 45 minutes late and closing the library 30 to 45 minutes early, thereby making adequate research burdensome." (Id., ¶ 11.) Plaintiff filed a grievance because the Department Operational Manual mandates that inmates have access to the library. The grievance was denied by Defendants Ponce

and Polk. (Id., ¶ 12.) Plaintiff submitted a request for copies to submit to the Kings County Sheriff Department that was denied by Defendant Vargas, and when he complained Defendant Vargas told him to submit another grievance. (Id., ¶¶ 13, 14.) Plaintiff told Defendants Polk and Ponce what had happened and Defendant Ponce told Plaintiff that if he gave him free copies then all indigent inmates would have to be given free copies no matter how many defendants an inmate wanted to serve. (Id., ¶ 14.) For the reasons set forth below, Plaintiff has failed to state a cognizable claim for a violation of his federal rights. The Court will recommend that the federal claims be dismissed, with prejudice, and the action be remanded back to state court for consideration of any state law claims.

### III.  Discussion

The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Indigent inmates are not a suspect class for equal protection purposes, Rodriguez v. Cook, 169 F.3d 1176, 1179 (9th Cir. 1999); see City of Cleburne, 473 U.S. at 440 (listing suspect classes), and Plaintiff is not being treated differently than similarly situated inmates, as all inmates are required to pay for their photocopies.

While the Constitution does require that prison officials ensure that inmates have meaningful access to the courts, this does not include free and unlimited photocopying. Sands v Lewis, 886 F.2d 1166, 1168-69 (9th Cir. 1989); Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) ("denial of free photocopying does not amount to a denial of access to the courts"). Although Plaintiff states that he wanted to serve papers upon the Kings County Sheriff Department, he does not allege that he had an active court case or that he suffered any injury due to the failure to provide him with free photocopies or the limited hours the library was open. Christopher v. Harbury, 536 U.S. 403, 415

(2002); Lewis v. Casey, 518 U.S. 343, 351 (1996).

IV.     **Conclusion and Recommendation**

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the undersigned HEREBY RECOMMENDS that:

1. The federal claims in this action be dismissed, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under section 1983;

2. Pursuant to 28 U.S.C. § 1367(c), the Court decline to exercise supplemental jurisdiction over any remaining state law claims; and

3. The action be remanded to state court for further proceedings.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    February 22, 2011

UNITED STATES MAGISTRATE JUDGE